IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WAYNE BROWN, | ) |
| Plaintiff, | ) Case No. 2:16-cv-00358-ALM-EPD |
| v. | ) Hon. Algenon L. Marbley |
| UNITED STATES GOVERNMENT, *et al*. | ) Magistrate Judge Deavers |
| Defendants. | ) |

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>**

THE DEFENDANT UNITED STATES OF AMERICA submits the following memorandum in support of its motion to dismiss. As explained in more detail below, the plaintiff Wayne Brown filed this second suit after this Court had previously entered a judgment on the pleadings against him in a prior action that was based on the same set of allegations. *See Brown v. U.S. Dep't of Treasury, Internal Revenue Service*, Case No. 14-cv-1142-MHW-EPD (S.D. Ohio, June 17, 2015) (hereinafter referred to as "*Brown I*"), Docket No. 39. Accordingly, Mr. Brown is precluded from maintaining this second suit by the doctrines of collateral estoppel and res judicata. In an apparent attempt to avoid the preclusive effects of his prior action, Mr. Brown has named new federal entities as parties—the "United States Government," this Court, and the Sixth Circuit. However, like his prior action, the only true party is the United States. Thus, the Court should dismiss this case with prejudice as against all parties.

**Statement of Facts**

    A. **The Prior Action (*Brown I*).**

    1.    In his prior action, Mr. Brown alleged that the IRS violated the law in attempting to collect an erroneous refund for the tax year 2010—in the amount of $15,000—to which Mr. Brown admitted he was not entitled. *See Brown I*, Docket No. 1, ¶¶ 2, 3). Specifically, he alleged that: (1) the IRS unlawfully assessed his nonrebate erroneous refund as a rebate erroneous refund, *see Brown I*, Docket No. 1, ¶¶ 6-7, 9-10; (2) the IRS unlawfully sent him a notice of intent to levy to collect on the erroneous refund, *see Brown I*, Docket No. 1, ¶ 3; and (3) the IRS unlawfully denied Mr. Brown a collection due process hearing, *see Brown I*, Docket No. 1, ¶¶ 4-6. Mr. Brown had sought damages from the government under 26 U.S.C. § 7433 and the Fifth Amendment for the alleged unlawful assessment and collection. *See Brown I*, Docket No. 1, ¶¶ 1, 8, 10.

    2.    During the prior suit, Mr. Brown also filed a motion for leave to amend his complaint to add a claim for damages under the Federal Tort Claims Act (FTCA). *See generally Brown I*, Docket No. 21. The government filed a response in opposition to Mr. Brown's motion on the grounds that the amendment would be futile because (1) the FTCA did not waive sovereign immunity with respect to the torts of misrepresentation or deceit and (2) the FTCA specifically excludes any claims arising out of the assessment or collection of taxes. *See generally Brown I*, Docket No. 26.

    3.    The government then filed a motion for judgment on the pleadings arguing that Mr. Brown's claim under 26 U.S.C. § 7433 was time-barred. *See generally Brown I*, Docket No. 28-1. This Court granted the government's motion for judgment on the pleadings, holding that Mr. Brown's claim under 26 U.S.C. § 7433 was untimely. *See Brown I*, Docket No. 39, at 8-10.

This Court also denied Mr. Brown's motion for leave to amend to add a FTCA claim, holding that the United States had not waived sovereign immunity for his alleged torts. *Id*. at 5-6. The Court entered a judgment against Mr. Brown dismissing his case with prejudice. *See Brown I*, Docket No. 40.

4.	Mr. Brown then moved for leave to appeal *in forma pauperis*. *See Brown I*, Dockets Nos. 41 and 42. This Court found that Mr. Brown was financially indigent, but denied his motion on the grounds that there was no factual or legal basis for Mr. Brown's claims and that his appeal would be frivolous and not taken in good faith. *See Brown I*, Docket No. 43.

5.	Mr. Brown then filed a motion for pauper status with the Sixth Circuit. *See Brown v. U.S. Dep't of Treasury, Internal Revenue Service*, Case No. 15-3895 (6th Cir., May 6, 2016), Docket No. 9. The Sixth Circuit denied Mr. Brown's motion on the basis that Mr. Brown's appeal would be frivolous. *See Brown v. U.S. Dep't of Treasury, Internal Revenue Service*, Case No. 15-3895 (6th Cir., May 6, 2016), Docket No. 15. The Sixth Circuit ultimately dismissed Mr. Brown's appeal for want of prosecution. *See Brown v. U.S. Dep't of Treasury, Internal Revenue Service*, Case No. 15-3895 (6th Cir., May 6, 2016), Docket No. 16.

**B. The Second Suit.**

6.	In this second suit, Mr. Brown once again appears to allege, in his amended complaint (Docket No. 2), that the IRS unlawfully assessed and attempted to collect on the erroneous refund. He also appears to allege that this Court acted unlawfully in entering judgment against him in the previous suit, *see* Docket No. 2, and that the Sixth Circuit in turn acted unlawfully in denying his motion for pauper status by "saying that [his] appeal ha[d] no basis in fact or law," *see* Docket No. 2, at 3.

**Argument**

**A. Collateral Estoppel and Res Judicata Prohibit Mr. Brown's Second Suit.**

Mr. Brown is prohibited from maintaining this suit under the doctrines of collateral estoppel and res judicata; the Court has already entered judgment against Mr. Brown for his claims that the IRS acted unlawfully in assessing and attempting to collect the erroneous refund that he received. Accordingly, the Court should dismiss this second case with prejudice.

Collateral estoppel, otherwise known as issue preclusion, "bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Tenenbaum v. U.S. Dep't of Def.*, 407 F. App'x 4, 6 (6th Cir. 2010) (quoting *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009)). Collateral estoppel bars relitigation of an issue where (1) the issue was raised and litigated in the prior action; (2) the determination of the issue was necessary to the outcome of the prior action; (3) the prior action resulted in a final judgment; and (4) the party to be estopped had an opportunity to litigate the issue in the prior action. *Id*. While collateral estoppel prohibits the relitigation of facts or issues that *were* raised in a prior action, the doctrine of res judicata (or claim preclusion) precludes the parties "from relitigating issues that … *could have been raised*" in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)) (emphasis added).

Here, Mr. Brown has filed a second suit alleging that the government acted unlawfully in assessing and trying to collect on the erroneous refund. He based his amended complaint on the same set of facts that were at issue in the prior suit. This Court already considered those facts and found that Mr. Brown's suit was time-barred under 26 U.S.C. § 7433. *See Brown I*, Docket No. 39, at 6-11. This Court also held that Mr. Brown could not allege claims under the FTCA

because the United States had not waived sovereign immunity with respect to his allegations. *Id*. at 5-6. There is no doubt that *Brown I* resulted in a final judgment. *See* Docket Nos. 39 and 40. Mr. Brown not only had an opportunity to litigate these issues in *Brown I*, but he in fact did participate extensively. Accordingly, collateral estoppel prohibits Mr. Brown from relitigating these same facts and issues in this current suit. He cannot maintain this second suit alleging that the government acted unlawfully in assessing and attempting to collect on the $15,000 erroneous refund that he received.

In his second suit, Mr. Brown highlights his allegations that the IRS wrongfully assessed him for the erroneous refund and suggests that this Court did not address the allegation of an "illegal assessment" in his prior action, *see* Docket No. 2, at 2. But, these allegations were a centerpiece of Mr. Brown's prior action, *see Brown I*, Docket No. 1, ¶¶ 6-7, 9-10. Which, the Court specifically addressed in its *Opinion and Order*. S*ee Brown I*, Docket No. 39, at 6-7. Aside from the fact that these same allegations were alleged in his prior action, it is also worth noting that 26 U.S.C. § 7433 is a limited waiver of sovereign immunity that only applies to collection. *See Poplawski v. United States*, 2014 WL 1783588, at *6 (S.D. Ohio May 5, 2014) ("Section 7433 does not provide taxpayers a cause of action for an allegedly improper *assessment* of taxes) (citing *Romp v. United States,* 96 F. App'x 978, 979–80 (6th Cir. 2004) (collecting cases)) (internal quotations omitted).

Similarly, the issue of tort liability for the alleged unlawful assessment and collection—which Mr. Brown focuses on in his second suit—were again specifically addressed in his prior action. However, it is worth noting, as the government identified in *Brown I*, *see* Docket No. 26, Mr. Brown cannot maintain a suit under the FTCA because that act specifically excludes alleged torts that arise out of the assessment or collection of taxes. *See Fishburn v. Brown*, 125 F.3d

5

979, 982 (6th Cir. 1997) ("Under the FTCA the United States has waived its immunity with respect to certain actions. Actions connected with the assessment or collection of taxes, however—as this action is—are expressly excluded from the waiver) (citations and internal quotations omitted); *also* 28 U.S.C. § 2680(c) ("The provisions of this chapter … shall not apply to … [a]ny claim arising in respect of the assessment or collection of any tax …"). More to the point, however, because these facts and issues were addressed in his prior action, Mr. Brown cannot maintain his second suit.

### B. Mr. Brown Cannot File Suit Against the Courts.

Apparently, Mr. Brown tries to avoid the preclusive effects of his prior action by naming new federal entities as parties, including the United States District Court for the Southern District of Ohio and the United States Court of Appeals for the Sixth Circuit. These are not proper parties, however; Mr. Brown cannot file suit against these courts as "[a]bsolute judicial immunity attaches [] to actions undertaken in a judicial capacity." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Judges are operating in a judicial capacity when the judge is resolving a dispute between parties who have invoked the jurisdiction of the court as the judge is performing a "paradigmatic judicial act." *Id*. Thus, the government is treating Mr. Brown's amended complaint as being directed to the United States writ large and moves, consequently, for the Court to dismiss Mr. Brown's suit as against all parties.

For the foregoing reasons, the defendant United States of America respectfully requests that the Court dismiss this case with prejudice.

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

*/s/ Carl L. Moore*
CARL L. MOORE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892 (v)
(202) 514-5238 (f)
Carl.L.Moore@usdoj.gov

*Local Counsel:*
BENJAMIN C. GLASSMAN
United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that on September 26, 2016, I caused a copy of the forgoing document to be deposited in the United States mail, postage prepaid, addressed to:

Wayne Lee Brown
2001 Studer Avenue
Columbus, Ohio 43207

<em>/s/ Carl L. Moore</em><br>
CARL L. MOORE<br>
Trial Attorney, Tax Division