IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| WAYNE BROWN, | : | |
|---|---|---|
| | : | |
| | : | Case No. 2:16-CV-0358 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| UNITED STATES GOVERNMENT, et al., | : | |
| | : | |
| Defendants. | : | |

## **OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for the Recusal of Magistrate Judge Deavers and Judge Marbley (Doc. 20). For the following reasons, the Undersigned Judges **DENY** the motion and will continue to preside over the case.

## I. BACKGROUND

Plaintiff filed his complaint *pro se* against the United States, the Internal Revenue Service ("IRS"), the District Court, and the Sixth Circuit, on April 21, 2016, (Doc. 1), and amended his complaint on May 4, 2016. (Doc. 2.) His amended complaint seeks $2 million for certain actions the IRS made in connection with its attempt to re-collect a $15,000 tax refund that it had erroneously issued to Plaintiff in 2011. This is Plaintiff's second such lawsuit.

On September 26, 2016, the United States filed a Motion to Dismiss. (Doc. 13.) Brown never filed a response. Instead, on October 7, 2016, Brown moved for summary judgment. (Doc. 14.) The United States moved to extend its time to respond to Plaintiff's Motion for Summary Judgment, seeking first a ruling on its Motion to Dismiss, (Doc. 15), which Magistrate Judge Deavers granted in November 2016. (Doc. 16.) In December, Brown objected to the Order granting the extension, (Doc. 17), and in February, he filed a Motion for Admission under

1

Federal Rule of Civil Procedure 36. (Doc. 18.) Magistrate Judge Deavers struck his Motion for Admission for failure to comply with the Federal Rules of Civil Procedure. (Doc. 19.)

Eight days later, Brown filed his Motion for Recusal (Doc. 20), arguing that Judge Deavers and this Court are "bias [sic] against [him] and partial to the Federal United States and its agencies[.]" (Doc. 20 at 1.) The grounds for this alleged bias appear to be what Brown terms "misinterpretations of the law:" (1) Magistrate Judge Deavers struck his Motion for Admission (Doc. 20 at 2-3); (2) Both judges are "trying everything to stop [him] from presenting documentation that [he] received from the IRS to show proof of [his case]" (*id.* at 4); (3) Magistrate Judge Deavers granted the government's Motion for Extension of Time to respond to Brown's Motion for Summary Judgment (*id.*); and Judge Marbley "dragging this case out just to delay the determination to [sic] this action."[1] (*id.*)

## II. LEGAL STANDARD

The principal statute used for determining whether a judge should recuse himself or herself is 28 U.S.C. § 455.[2] Under 28 U.S.C. § 455, a judge must recuse "in any proceeding in which his impartiality might be reasonably questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1). The inquiry is not based on a party's subjective view; rather, the statute "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016) (citations and quotations omitted). The party seeking recusal under these statutory provisions bears the burden of justifying disqualification. *Id.* at 616.

---

[1] We do not address Brown's allegations against Judge Watson or the Sixth Circuit judges involved in the related case Brown filed in 2014 because these allegations are not relevant to Brown's Motion for the recusal of Magistrate Judge Deavers and this Court.
[2] 28 U.S.C. § 144 also addresses recusal of district court judges, but requires "a timely and sufficient affidavit," which Brown did not file.

## III.  ANALYSIS

Brown seeks judicial qualification based on his disagreement with the Courts' decisions to strike his Motion for Admission and delay briefing on his Motion for Summary Judgment until after adjudication of the government's Motion to Dismiss.  (Docs. 17, 20.)  He attributes intent to these actions, calling Magistrate Judge Deavers "incompetent or corrupt," (Doc. 20 at 2), accusing both Courts of "conspiring with the IRS to defraud me and to deny me due process," (*id.* at 3, 4), of "trying everything" to prevent him from going to trial, and accusing Judge Marbley of "dragging this case out just to delay the determination to this action."  (*Id.* at 4.)

### A.  Brown Has Not Shown Actual Bias or Prejudice Requiring Recusal.

Brown's recusal motion fails under 28 U.S.C. § 455(b)(1) because he has not shown actual bias or prejudice on either Court's behalf that would require judicial disqualification.  To warrant recusal under this provision, "the moving party must demonstrate prejudice by the judge, and the judge's prejudice must be personal or extrajudicial."  *See United States v. Sypher*, 684 F.3d 622, 628 (6th Cir. 2012).  Conclusory allegations, standing alone, do not justify the extreme remedy of recusal.  *Id.*  Indeed, the Sixth Circuit—following the Supreme Court's lead—has held that a trial judge's alleged misconduct "may be characterized as bias or prejudice only if it is so extreme as to display clear inability to render fair judgment."  *Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)), *abrogated on other grounds as recognized in English v. Berghuis*, 529 F. App'x 734, 744-45 (6th Cir. 2013).  In other words, to justify recusal, the judge's misconduct must be "so extreme . . . that it display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.* (quoting *Liteky*, 510 U.S. at 555).

Here, all of the actions Brown complains of are judicial in nature. Despite conclusory language about bias and prejudice, Brown seeks disqualification because the Courts have ruled against him. These rulings are neither personal nor incorrect, and they do not evidence a "conspiracy to defraud" or a desire to "drag the case out." The Order striking Brown's Motion for Admission does not, as Brown stated, "deny[ ] [him] any request for admission under Rule 36." (Doc. 20 at 2.) Rather, it informs him that requests for admission, like other discovery, are not filed with the Court, but that this fact does not render them ineffective. (Doc. 19.) The Order granting Defendant's motion for extension of time to respond to Plaintiff's Motion for Summary Judgment does not evidence a conspiracy to defraud, or an effort to drag the case out. (Doc. 16.) In fact, deciding the government's motion to dismiss before Brown's motion for summary judgment is the most expedient way to handle Brown's case because it saves the resources of all parties involved.

Neither of these actions, nor Brown's conclusory statements regarding conspiracy and corruption, require the extreme remedy of recusal. *See Sypher*, 684 F.3d at 628 (rejecting recusal bid where appellant "has done nothing more than make conclusory allegations to support her claim that the district court was biased against her").

### B. Brown Has Not Shown an Appearance of Partiality Requiring Recusal.

Brown's recusal motion fails under 28 U.S.C. § 455(a) because he has not shown an appearance of partiality requiring judicial disqualification. Here again, Brown grounds his recusal argument on his own *subjective* interpretation of what the Court meant when it denied his motions. Subjective beliefs alone, of course, do not warrant recusal. *Burley*, 834 F.3d at 615-16. In this case, a "reasonable person" with knowledge of the plaintiffs' claims and all of the other facts simply would not conclude that the Court's impartiality might "reasonably" be questioned.

*See id*.  Accordingly, and without so much as the appearance of partiality under a "reasonable person" standard, the Court **DENIES** Brown's motion to recuse under 28 U.S.C. § 455(a).

### IV.  CONCLUSION

Judges have "as strong a duty to sit when there is no legitimate reason to recuse as [they do] to recuse when the law and fact require."  *Johnson v. Shaker Heights*, No. 1:06cv2680, 2007 WL 781316, at *3 (N.D. Ohio Mar. 12, 2007) (internal quotations omitted).  There is no legitimate reason for the Undersigned Judges to recuse themselves here; therefore, there is a "strong duty" to remain on the case.  The Motion to Recuse (Doc. 20) is **DENIED**.  *Id.*

**IT IS SO ORDERED.**


 **/s/ Algenon L. Marbley_____**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**



**/s/  Elizabeth A. Preston Deavers_____**
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**


**DATED: May 23, 2017**