IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE BROWN, | : | |
| | : | |
| | : | Case No. 2:16-CV-0358 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| UNITED STATES GOVERNMENT, et al., | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on: (a) Defendant United States' Motion to Dismiss Plaintiff Wayne Brown's complaint (Doc. 13); (b) Plaintiff's Motion for Summary Judgment (Doc. 14); (c) Plaintiff's Objection to Court Granting Extension to Defendant (Doc. 17); and (d) Plaintiffs Request for Admission (second motion) (Docs. 21, 22.) For the reasons expressed below, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 13), **DENIES as moot** Plaintiff's Motion for Summary Judgment (Doc. 14), **OVERRULES** Plaintiff's Objection to Court Granting Extension to Defendant (Doc. 17), and **STRIKES** Plaintiffs Request for Admission. (Docs. 21, 22.)

### I. BACKGROUND

Plaintiff filed his complaint *pro se* against the United States, the Internal Revenue Service ("IRS"), the District Court, and the Sixth Circuit, on April 21, 2016. (Doc. 1.) Plaintiff amended his complaint on May 4, 2016. (Doc. 2.) But this litigation did not begin here.

#### A. *Brown I*

Brown sued the United States, Department of Treasury, and the IRS in August 2014 following a mix-up with his 2010 tax refund. ("B*rown I*," Case No. 14-cv-1142, Doc. 1

1

(Watson, J.).) In March 2011, the IRS had mistakenly issued him a tax refund that was $15,000 more than he was due. (*Id.* at 1.) In an attempt to correct the error, in July 2012, the IRS sent Plaintiff an "Intent to Levy Notice" which stated that the IRS may levy Plaintiff's state tax refund if he did not call the IRS immediately or pay back the $15,000 plus interest. Brown alleged that in sending this Intent to Levy Notice, the IRS improperly assessed the erroneous refund as a "rebate category B overstated" payment rather than a "non-rebate category D misapplied" payment.

Brown called the IRS and offered to pay $50 per month, but the IRS insisted that Brown pay $210 per month. Brown made payments from August 2012 until November 2013. In May 2013 and November 2013, he requested hearings with the IRS to challenge the levy, which the IRS denied.

Brown complained that the IRS's actions in attempting to collect the erroneous refund via levy violated the Internal Revenue Code ("IRC"), and sought damages under 26 U.S.C. § 7433, which provides a remedy to taxpayers for certain IRS actions that violate the IRC.[1] He also

---

[1] Section 7433 provides, in relevant part:

> (a) In general.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
>
> ***
>
> (d)(3) Period for bringing action. **--**Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues. 26 U.S.C. § 7433.

sought damages for alleged violations of his Fifth Amendment rights when the IRS denied his hearing requests.[2]

Unfortunately for Brown, in addition to granting a private right of action for certain violations, 26 U.S.C. § 7433 also contained a statute of limitations. 26 U.S.C. § 7433(d)(3). The government filed a motion for judgment on the pleadings on statute of limitations grounds, which this Court granted. (*Brown I*, Doc. 39, at 9 (finding that "the actions of which plaintiff complains all constitute the same alleged wrong—wrongful collection of the erroneous refund via levy.").) The Court also found that Brown's Fifth Amendment claim failed because "collection via levy has been upheld as not in violation of the Due Process Clause so long as an adequate opportunity exists for post-seizure review," which "need not involve a hearing." (*Id.* at 10 (internal quotation omitted).)

Brown appealed, and sought to proceed in forma pauperis, which motion Judge Watson denied. (*Id.* at Doc. 43) The Sixth Circuit also declined to grant Brown's motion to appeal in forma pauperis because, "[f]or the reasons stated by the district court, Brown's complaint lacks an arguable basis in law and an appeal in this case would be frivolous." (*Id.* at Doc. 44.) The Sixth Circuit ordered Brown to pay the filing fee for his appeal. Brown failed to pay the fee, and the Sixth Circuit dismissed his case for want of prosecution on May 6, 2016. (*Id.* at Doc. 45.)

B. *Brown II*

On April 21, 2016, Brown sued the IRS again, and added as defendants the Department of Justice, the District Court and the Sixth Circuit. (Doc. 1.) He amended his complaint on May 4, 2016. (Doc. 2.) Construed liberally, the amended complaint seeks compensatory damages of $2 million for the following actions of the IRS: (a) "intentionally chang[ing] [his] erroneous non-

---

[2] Judge Watson summarized the alleged violations as follows: "(1) the improper assessment of his refund; (2) the issuance of the Notice of Intent to Levy; (3) entering into an installment agreement; and (4) the denial of his hearing requests." (*Brown I*, Doc. 39, at 7.)

3

rebate misapplied estimated tax payment refund and ma[king] it a rebate-overstatement estimated tax payment refund;" (b) failing to issue a notice of deficiency, which it should have done had the IRS properly characterized his refund; and (c) declining to allow him a hearing after he filed his administrative claims in May 2015, "based on a fraudulent statement." (*Id.*) These actions, according to Brown, constituted fraud, fraudulent concealment, false statements, conspiracy to violate Brown's due process rights, retaliation, threatening, and violations of Brown's First, Fifth, and Fourteenth Amendments to the United States Constitution.

As for the additional defendants, he does not appear to state any causes of action. Rather, he criticizes this Court for dismissing his claims on statute of limitations grounds, and he criticizes the Sixth Circuit for declining to allow him to proceed in forma pauperis because his appeal had no basis in law or fact. (Doc. 2 at 3-4.)

The United States filed its Motion to Dismiss on September 26, 2016. (Doc. 13.) Brown never filed a response. Instead, on October 7, 2016, Brown moved for summary judgment, although his Motion for Summary Judgment appears to address some of the arguments made in the government's Motion to Dismiss. (Doc. 14.) The United States moved to extend its time to respond to Plaintiff's Motion for Summary Judgment, seeking first a ruling on its Motion to Dismiss, (Doc. 15), which the Magistrate Judge granted in November 2016. (Doc. 16.) In December, Brown objected to the Magistrate Judge's Order granting the extension, (Doc. 17), and in February, he filed for the Recusal of the Magistrate Judge and this Court (Doc. 20).[3] The government did not respond to either the objection or the motion for recusal, and the time for responding has passed. In March, Brown filed a letter, (Doc. 21), which the Court will liberally construe as a memorandum in support of his motion for request for admission (second motion) (Doc. 22). The government did not respond to Brown's motion, and the time for responding has

---

[3] The Court and Magistrate Judge Deavers address the Motion for Recusal in a separate order.

passed. Therefore, all of the above motions, with the exception of Brown's Motion for Summary Judgment, are ripe for review.

## II. UNITED STATES' MOTION TO DISMISS

The government seeks to dismiss Brown's complaint on the grounds of collateral estoppel and res judicata because his claims were already adjudicated in *Brown I*. (Doc. 13-1 at 1.) While Brown did not file a formal response to the government's motion, his Motion for Summary Judgment argues against the government's Motion to Dismiss. (Doc. 14.) In it, he argues against the application of collateral estoppel and res judicata because *Brown I* focused on the Intent to Levy Notice and what he terms "collection violations," whereas *Brown II* focused on the "deficiency violations claim." (Doc. 14 at 1-3.)

### A. Standard of Review

Although res judicata and collateral estoppel are typically raised as affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c), they may also be decided on motion. *Donohue ex rel. Estate of Donohue v. United States*, No. 1:05-cv-175, 2006 WL 2990387, *3 (S.D. Ohio Oct. 18, 2006) (citing *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1227, 1227 (6th Cir. 1981), *Logan Farms v. HBH, Inc.*, 282 F. Supp. 2d 776, 785 (S.D. Ohio 2003)). Therefore, the Court will assess the government's res judicata and collateral estoppel arguments in the context of Rule 12(b)(6). *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court "must construe the complaint in the light most favorable to the plaintiff"

and "accept all well-pled factual allegations as true[.]" *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 790 (6th Cir. 2012). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

A complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court must afford a *pro se* litigant "liberal construction of [his] pleadings and filings." *Yagley v. Occupational Safety & Health Admin., U.S. Dept. of Labor,* 461 F. App'x 411, 414 (6th Cir. 2012). On the other hand, "this lenient treatment has limits," and the Court "should not have to guess at the nature of the claim asserted." *Frengler v. General Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (internal quotations omitted). Even a *pro se* complaint must meet minimum pleading standards. *Williams v. Barksdale*, No. 84-5349, 1985 WL 12905, at *1 (6th Cir. Jan. 25, 1985) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

### B. Applicable Law

The Court applies "*federal* law in determining the preclusive effect of a prior federal judgment . . . where jurisdiction in the prior litigation was based on a federal question." *EB-Bran Productions v. Warner*, 242 F. App'x 311, 312 (6th Cir. 2007).

6

The doctrine of res judicata, otherwise known as claim preclusion, "mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." *Logan Farms*, 282 F. Supp. 2d at 786. The goal of res judicata "is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co.*, 656 F.2d at 1227. For a claim to be barred by res judicata, the government must establish the following elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Hobart Corp. v. Dayton Power & Light Co.*, 997 F. Supp. 2d 835, 846 (S.D. Ohio 2014). To meet the third and fourth elements, there must be "an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Wilson v. Strickland*, 333 F. App'x 28, 30 (6th Cir. 2009) (internal quotations omitted). If the two cases "arise from the same transaction or series of transactions, the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Id.* at 30-31.

Collateral estoppel, or issue preclusion, "dictates that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation." *Id.* Collateral estoppel bars relitigation of an issue when: "(1) the precise issue [was] raised and litigated in the prior action; (2) the determination of the issue [was] necessary to the outcome of the prior action; (3) the prior proceedings [ ] resulted in a final judgment on the merits; and

(4) the party against whom estoppel is sought [ ] had a full and fair opportunity to litigate the issue in the prior proceeding." *Tenenbaum v. U.S. Dep't of Defense*, 407 F. App'x 4, 6 (6th Cir. 2010) (internal quotation omitted).

A dismissal based on the statute of limitations is a final judgment on the merits for the purposes of res judicata and collateral estoppel. *EB-Bran Productions*, 242 F. App'x at 312; *Witkowski v. Welch*, 173 F.3d 192, 200 (3d Cir. 1999).

### C. Plaintiff's Case Against the United States Government and the IRS is Barred by Res Judicata

*Brown II* meets all of the elements of res judicata, and, therefore, Brown's suit against the IRS and the United States government is barred.[4]

Regarding the first element, *Brown I* was a final decision on the merits by a court of competent jurisdiction. *Hobart Corp.*, 997 F. Supp. 2d at 846. This Court made a final decision on the merits when it dismissed *Brown I* against the IRS and the United States government as barred by the statute of limitations. *EB-Bran Productions*, 242 F. App'x at 312. This Court is a court of competent jurisdiction.

As to the second element, Brown sued the IRS/United States government in both *Brown I* and *Brown II*. *Hobart Corp.*, 997 F. Supp. 2d at 846. The fact that Brown adds defendants to *Brown II* (namely, the courts involved in *Brown I*) is not relevant as applied to the IRS and the United States. *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir.1992) (affirming that claims against defendants sued by plaintiff in prior litigation were barred in subsequent litigation naming the same two defendants and additional parties); *Zack v. Sova*, No. 93-1989, 1994 WL 75898, at *2 (6th Cir. Mar. 8, 1994) (same); *White v. Stotts*, No. 2:11-cv-153, 2011 WL 6941700, at *4 (S.D. Ohio Dec. 6, 2011) ("the instant action involves the same parties, *i.e.,* plaintiff and the Bank, as

---

[4] Because the Court has determined that the case against the United States government and the IRS is barred by res judicata, it need not reach the issue of collateral estoppel.

did the state court action. That plaintiff added three other defendants in this action does not change this fact.")  See also *Ellison v. JP Morgan Chase Bank*, No. 13-13121, 2013 WL 5913432, at *8 (E.D. Mich. Oct. 31, 2013) ("Third, and lastly, although Plaintiff has added additional parties to the present action, Chase and Plaintiff were both parties in the prior action. For the reasons discussed above, the Court holds that the claims asserted in Plaintiff's Complaint are barred by res judicata against Chase."); *Shaffer v. White*, No. 01-02931, 2006 WL 2336468, at *3 (W.D. Tenn. Aug. 10, 2006) ("Shaffer argues that there are additional parties in this action. . . . In the Court of Federal Claims, the United States was the only defendant. In this action, the Secretary of the Army is named as the responsible party for both the BCMR and the Army Discharge Review Board ("DRB"). (*Id.*) Both actions challenge the conduct of the United States Army, and Secretary White is being sued in his official capacity as Secretary of the Army. Thus, the addition of Secretary White is nugatory. The parties are substantially the same.").

The third and fourth elements are also met: the causes of action share an identity, and *Brown II* raises issues that were, or should have, been litigated in *Brown I*. *Hobart Corp.*, 997 F. Supp. 2d at 846. In other words, there is "an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Wilson*, 333 F. App'x at 30 (internal quotations omitted). Both *Brown I* and *Brown II* stem from the confrontation that began when the IRS erroneously issued a $15,000 refund to Brown and then tried to re-collect it from him. According to Brown, the IRS mischaracterized the refund in its system, failed to issue him a notice of deficiency, issued a Notice of Intent to Levy instead, allowed him to enter into an installment agreement, and denied his requests for hearings. Brown attempts to distinguish *Brown II* by arguing that *Brown I* focuses on the erroneous Notice of Intent to Levy, while *Brown II* focuses on the erroneous characterization of his refund. (Doc. 14 at 4.) But this

9

distinction does not change the outcome. The two cases "arise from the same transaction or series of transactions;" therefore, "the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Wilson*, 333 F. App'x at 30-31 (internal quotations omitted) (affirming the district court's dismissal of Plaintiff's complaint on res judicata grounds despite his attempt to recharacterize his second complaint as "challeng[ing] the administration of the protocol rather than the protocol itself.")

In sum, because all four elements of res judicata have been met, the Court **GRANTS** the government's Motion to Dismiss Brown's complaint against the IRS and the United States.

### D. Discovery Rule and Fraudulent Concealment

Brown argues that the concealment of the change from non-rebate to rebate should toll the statute of limitations under the discovery rule. (Doc. 2 at 1-3.) Since Brown references "concealment of a material fact," the Court will liberally construe his complaint to allege fraudulent concealment as well. (Doc. 2 at 1.) Neither doctrine applies to Brown.

Under Sixth Circuit precedent, "[t]he general rule is that we will not extend the statute of limitations by even a single day." *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010) (internal quotation marks omitted). The discovery rule and fraudulent concealment, however, provide mechanisms for relief from the statute of limitations in certain limited cases. The discovery rule "governs when a claim accrues," while fraudulent concealment "toll[s] the running of the applicable limitations period when the defendant takes steps beyond the challenged conduct itself to conceal that conduct from the plaintiff." *Gabelli v. SEC*, 133 S. Ct. 1216, 1220 n.2 (2013).

Brown's case does not fall within the ambit of the discovery rule. Courts have applied the discovery rule in cases where "the injury complained of may not manifest itself immediately

and, therefore, fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations." *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 470 (6th Cir. 2013) (internal quotations omitted); *see also Gabelli*, 133 S. Ct. at 1221 ("where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered.'") (internal quotations omitted). The discovery rule "provides that a cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured by the conduct of the defendant." *Lutz*, 717 F.3d at 470 (internal quotations omitted). As the Court determined in *Brown I*, Brown's case accrued when he received the Notice of Intent to Levy. (*Brown I*, Doc. 39, at 10.) At that time, Brown "had a reasonable opportunity to discover the elements of a possible cause of action for undertaking the improper method of collecting an erroneous rebate." (*Id.*) He also, at that time, had a reasonable opportunity to discover the mischaracterization of the refund, since, according to his Amended Complaint, that mischaracterization led to the IRS sending him a Notice of Intent to Levy rather than a notice of deficiency.

Brown has also failed to allege the elements of fraudulent concealment. Fraudulent concealment "allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct. 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 274 (6th Cir. 2016) (internal quotations omitted). While Brown alleges that the IRS engaged in "concealment of a material fact," (Doc. 2 at 1), he points to no fact "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. To the

contrary, the Notice of Intent to Levy appears to have alerted Brown to the mischaracterization problem. He simply did not sue within the two-year statute of limitations. The doctrine of fraudulent concealment does not toll this statute of limitations.

Therefore, the government's Motion to Dismiss is **GRANTED** as to Defendants IRS and United States, and Brown's complaint against these parties is **DISMISSED**.

### E. Plaintiff's Case Against the District Court and the Sixth Circuit is Barred by Judicial Immunity

The parties remaining in Brown's lawsuit are the District Court for the Southern District of Ohio, and the Sixth Circuit Court of Appeals. Brown complains that this Court dismissed his claims on statute of limitations grounds rather than on the merits, and he criticizes the Sixth Circuit for declining to allow him to proceed in forma pauperis because his appeal had no basis in law or fact. (Doc. 2 at 3-4.)

Both Courts are protected by absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity may be "overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). The actions of which Brown complains, deciding his case in the government's favor and declining to allow him a cost-free appeal, were clearly taken in the judges' judicial capacity, within their jurisdiction.

Therefore, the Court **GRANTS** the government's Motion to Dismiss the remaining defendants.

### III. ADDITIONAL MOTIONS

Because there are no defendants remaining in this case, the Court **DENIES as moot** Brown's Motion for Summary Judgment (Doc. 14) and **OVERRULES** his Objection to Court

Granting Extension of the briefing schedule to Defendant (Doc. 17). For the same reasons stated in the Court's Order Striking Plaintiff's Motion for Admission (Doc. 19), the Court, **STRIKES** Brown's Motion for Request for Admission (second motion) (Docs. 21, 22).

### IV. CONCLUSION

For the above reasons, the Court **GRANTS** the government's Motion to Dismiss, (Doc. 13), **DENIES as moot** Brown's Motion for Summary Judgment (Doc. 14), **STRIKES** Brown's Motion for Request for Admission (second motion) (Docs. 21, 22), and **OVERRULES** his Objection to Court Granting Extension of the briefing schedule to Defendant (Doc. 17).

**IT IS SO ORDERED.**

     **/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 1, 2017**