IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE BROWN, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:16-cv-0358 |
| UNITED STATES, et al., | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Deavers |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration, New Findings, and Other Relief (ECF No. 27). For the reasons set forth below, the Motion for Reconsideration, New Findings, and Other Relief is **DENIED.**

## I. BACKGROUND

The Court previously set forth the factual background of this case in the Opinion and Order for which Plaintiff seeks reconsideration. (ECF No. 24). Nevertheless, the Court will briefly summarize the facts and its prior opinion here.

### A. *Brown I*

In March 2011, the Internal Revenue Service (IRS) mistakenly issued Plaintiff Wayne Brown a tax refund that was $15,000 more than he was due. The IRS sent Mr. Brown an "Intent to Levy Notice" which stated the IRS may levy his state tax refund if he did not call the IRS immediately or pay back the $15,000 plus interest.

Mr. Brown called the IRS and made monthly payments toward the balance of the overpaid tax refund for almost a year. Mr. Brown then requested hearings with the IRS to

challenge the levy, alleging that the IRS improperly assessed the erroneous refund as a "rebate category B overstated" payment, rather than a "non-rebate category D misapplied" payment. The hearing requests were denied. The denials led Mr. Brown to sue the United States, Department of Treasury, and the IRS in August 2014. ("*Brown I,*" Case No. 14-cv-1142, ECF. No. 1 (Watson, J.)).

Mr. Brown complained that the IRS's actions in attempting to collect the erroneous refund via levy violated the Internal Revenue Code ("IRC"), and sought damages under 26 U.S.C § 7433, which provides a remedy to taxpayers for certain IRS actions that violate the IRC. Ultimately, the case was dismissed because Mr. Brown failed to sue within two years after notice of the alleged violation. (*Brown I*, ECF. No. 39, at 9). Mr. Brown filed a motion for leave to appeal the judgment in forma pauperis, which was denied. (*Id.* at ECF 43). The Sixth Circuit also declined to grant Mr. Brown's motion to appeal in forma pauperis because it "lack[ed] an arguable basis in law" and because his appeal would have been frivolous. (*Id.* at ECF 44). The Sixth Circuit ordered Mr. Brown to pay the filing fee for his appeal. He failed to do so, and the Sixth Circuit dismissed his case for want of prosecution on May 6, 2016. (*Id.* at ECF. 45).

### B.     *Brown II*

On April 21, 2016, Mr. Brown brought this action against the IRS, and this time added as defendants the Department of Justice and the Sixth Circuit. (ECF No. 1). He amended his complaint on May 4, 2016. (ECF No. 2). The complaint alleged that the IRS: (a) "intentionally changed [his] erroneous non-rebate misapplied estimated tax payment refund and made it a rebate over-statement estimated tax payment refund;" (b) failed to issue a notice of deficiency, which it should have done had the IRS properly characterized his refund; and (c) declined to

allow him a hearing after he filed his administrative claims in May 2015, "based on a fraudulent statement." (*Id.*).

Mr. Brown did not state any causes of action against the Department of Justice. Rather, he criticized both this Court for dismissing his claims on statute of limitations grounds, and the Sixth Circuit for declining to allow him to proceed in forma pauperis. (ECF No. 2 at 3-4).

The United States filed its Motion to Dismiss on September 26, 2016. (ECF No. 13). The government sought to dismiss Mr. Brown's complaint on the grounds of collateral estoppel and res judicata because his claims were already adjudicated in *Brown I*. (ECF No. 13-1 at 1). In an Opinion and Order dated June 1, 2017, this Court granted the Defendant's Motion to Dismiss on res judicata grounds. (ECF No. 24). This Court found dismissal proper because "all four elements of res judicata ha[d] been met," Mr. Brown alleged "no fact" that showed the IRS engaged in any fraudulent concealment, and that the District Court and the Sixth Circuit are protected by absolute immunity. (*Id.*). Mr. Brown now seeks reconsideration of that decision in his motion filed on June 13, 2017. (ECF No. 27).

## II. STANDARD OF REVIEW

Generally, motions for reconsideration are disfavored unless the moving party demonstrates a manifest error of law, newly discoverable evidence not previously available to the parties, or intervening change of controlling law. *Ohio Midland, Inc., v. Proctor,* No. C2-05-1097, 2006 U.S. Dist. LEXIS 85888, *8 (S.D. Ohio November 28, 2006) (citing *Meekison v. Ohio Dep't of Reh. & Corr.,* 181 F.R.D. 571, 572 (S.D. Ohio 1998)). A different spin on the same arguments is not a proper basis for a motion for reconsideration. *Meekison,* 181 F.R.D at 572. When a party is in disagreement with a decision of the court, the dispute should be dealt

3

with in the normal appellate process rather than rehashing old arguments. *Dunlap v. Lew,* No. 2:15-cv-2675, 2016 U.S. Dist. LEXIS, at *2 (S.D. Ohio June 14, 2016).

The Court must liberally construe documents filed by *pro se* litigants, "however inartfully pleaded." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "this lenient treatment has limits." *Frengler v. General Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Even a document filed *pro se* is required to meet minimum pleading standards. *Williams v. Barksdale*, No. 84-5349, 1985 U.S. App. LEXIS 31629, at *2 (6th Cir. Jan. 25, 1985) (citing *Haines,* 404 U.S. 519).

### III. ANALYSIS

Mr. Brown makes three main arguments in his Motion for Reconsideration: First, he asserts that his Seventh Amendment right to a jury trial was violated. Next, he asserts a "fraudulent concealment" of the IRS's assessment that Mr. Brown was subject to a rebate-overstatement estimated tax payment refund, rather than a non-rebate misapplied estimated tax payment refund. Finally, Mr. Brown contends that the Judge and Magistrate Judge are subject to recusal from the case.

#### A. Right to Jury Trial

First, Mr. Brown alleges that his Seventh Amendment right to a jury trial was violated because he was "not given a jury trial." The Seventh Amendment protects the right to a jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. CONST. AMEND. XII. As a practical matter, the right to a jury trial as declared by the Seventh Amendment is preserved "inviolate." FED. R. CIV. P. 38(a). However, the Seventh Amendment

does not guarantee that a matter go to jury trial in any and every situation. *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 738 (1999).

Indeed, before a matter ever need go to trial, the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Court may dismiss a complaint for failure to state a claim if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

This Court thoroughly analyzed Mr. Brown's Complaint when it granted Defendant's Motion to Dismiss and it is beyond doubt that Mr. Brown can prove no set of facts in support of his claim. (ECF No. 24). His Complaint "me[t] all of the elements of res judicata, [and therefore his] suit against the IRS and the United States Government is barred." (ECF No. 24). At no point in Mr. Brown's current motion has he pointed to a manifest error of law regarding the application of Fed. R. Civ. Pro. 12(b)(6), the res judicata doctrine, or the Seventh Amendment that demonstrates a need for the Court to reconsider its earlier opinion.

### B. Fraudulent Concealment

Mr. Brown next asserts "[f]raudulent concealment of the fact that the IRS concealed the fact that they illegally reversed the transaction on the Misapplied estimated tax payment . . . from a non-rebate to a rebate overstated erroneous refund . . . ." (ECF No. 27). Mr. Brown points to no fact that would allow this Court to draw the reasonable inference that any of the defendants are liable for the conduct alleged. See *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (requiring that documents filed in court plead such factual content that would allow the court to draw the reasonable inference that a defendant is liable for the conduct alleged). Mr. Brown was notified of the problem when the IRS sent a Notice to Levy to him. He did not sue within the two-year

5

statute of limitations. After his case was dismissed on statute of limitations of grounds, Mr. Brown brought suit again. Mr. Brown's second suit was barred by res judicata. Mr. Brown, again, fails to point to a manifest error or law or newly discoverable evidence not previously available to him that would justify the Court reconsidering its prior opinion.

### C.   Recusal

Mr. Brown next moves for recusal of the District Court Judge and the Magistrate Judge. 28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C § 455(a). Under this provision, the Court may "make credibility determinations, assign the evidence what he believes to be its proper weight, and to contradict the evidence with facts drawn from his personal knowledge." *Elliott*, 2010 U.S. Dist. LEXIS 68394, at *3-4 (quoting *United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir. 1985)). Nevertheless, "recusal is required . . . if a reasonable person, knowing all the circumstances, would expect that a judge would have actual knowledge" of "facts indicating his interest or bias in a case . . . ." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860-61 (1988) (internal quotations omitted).

Here, Mr. Brown's motion for recusal is insufficient. Mr. Brown does not provide any factual basis for his claim that the judges "violated . . . the code of conduct and l[ied] and disregard[ed] . . . Federal law[] . . . ." The type of bias which requires recusal must come from "some source other than participation in the proceedings" and must be "personal, or extrajudicial" in nature. *Elliot,* 2010 U.S. Dist. LEXIS 68394, *at 5 (quoting *Wheeler v. Southland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989). Mr. Brown's motion for recusal provides no such factual basis for recusal of either judge, thus his motion is **DENIED**.

## III. CONCLUSION

Plaintiff's Motion for Reconsideration, New Findings, and Other Relief (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED.**

                                                 s/Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED: March 5, 2018**